UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL PRICE,

   Plaintiff,

v.           Case No:   2:11-cv-468-FtM-38DNF

DISTRICT SCHOOL BOARD OF
COLLIER COUNTY, FLORIDA,

   Defendant.

_____/

## **ORDER**

   This matter comes before the Court on the Parties' Conditional Stipulation of Dismissal (Doc. #70) filed on October 24, 2013.  This matter settled on September 25, 2013.  (Doc. #68).  The instant Stipulation indicates Plaintiff and Defendant stipulate to the dismissal of this action with prejudice.  Defendant has appeared and defended in this action.  Once an Answer or Motion for Summary Judgment has been filed in a case, plaintiff must file a stipulated voluntary dismissal that is signed by all parties to the action in order to dismiss the case. Fed. R. Civ. P. 41(a).  Upon review of the docket, the Court notes that the Conditional Stipulation of Dismissal is signed by both parties. The Stipulation states that the effectiveness of the stipulation is conditional on the Court retaining jurisdiction over the settlement agreement.

   In Anago Franchising, Inc. v. Shaz, LLC, 677 F.3d 1272 (11th Cir. 2012), the Eleventh Circuit interpreted the United States Supreme Court decision of Kokkonen v. Guardian Life Insurance Co. of America, 511 U.S. 375 (1994), "to mean that the parties must agree to the district court's order retaining jurisdiction, not that the district court may enter a dismissal order when it would otherwise lack jurisdiction to do so."  677

F.3d at 1280.  Because it is self-executing, a court has no authority to enter an order after a Rule 41(a)(1)(A)(ii) stipulation becomes effective.  677 F.3d at 1280.  Thus, a district court can retain jurisdiction over a settlement agreement in two ways:  "either (1) the district court must issue the order retaining jurisdiction under <u>Kokkonen</u> prior to the filing of the stipulation, or (2) the parties must condition the effectiveness of the stipulation on the district court's entry of an order retaining jurisdiction."  677 F.3d at 1280.

In this case, the Parties' Stipulation (Doc. #70) states that the effectiveness of the stipulation is conditional on the Court's entry of an Order retaining jurisdiction to enforce the terms of the settlement.  The Court is not inclined to retain jurisdiction to enforce the terms of the settlement, a breach of which would be actionable in state court.  Thus, the Parties are directed to file a joint notice with the Court informing the Court of their position as to the settlement and dismissal of their claims given that the Court will not retain jurisdiction to enforce the terms.

Accordingly, it is now

**ORDERED:**

The Parties shall have up to and including **November 4, 2013** to file a joint notice informing the Court of their position as to dismissal of this action given that the Court will not retain jurisdiction to enforce the terms of the settlement agreement.

**DONE** and **ORDERED** in Fort Myers, Florida this day 29th of October, 2013.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record